■ BOARD OF MANAGERS OF 130 BARROW STREET CONDOMINIUM, Appellant, v ROYAL BLUE REALTY HOLDINGS, INC., Respondent, et al., Defendants. [695 NYS2d 347] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about April 6, 1999, which, in a foreclosure action, denied plaintiff's motion for a preliminary injunction prohibiting defendant condominium unit owner, Royal Blue Realty Holdings, Inc., from performing any construction or alteration to the unit and from allowing any further liens to be placed against the unit pending the final disposition of the underlying foreclosure action, unanimously affirmed, with costs.

Plaintiff condominium Board's motion to enjoin defendant from completing major renovations to one of defendant's units was properly denied in view of plaintiff's failure to make the requisite showing that it was likely to succeed on the merits and that the equities weighed in its favor (*see*, *Grant Co. v Srogi*, 52 NY2d 496, 517). While there is some question as to whether article 11 of the condominium Declaration allows de-

fendant to subdivide the commercial unit at issue into residential units, plaintiff's reliance upon this provision to bar defendant's residential conversion is precluded both because plaintiff approved ·the conversion prior to the beginning of defendant's renovations, ongoing for some five months prior to the commencement of this action, and because plaintiff failed to offer this argument in the motion court. Moreover, even if plaintiff's reliance on article 11 were not foreclosed, that provision, by reason of its ambiguity when read along with other relevant provisions of the Declaration, would not suffice as a predicate upon which to posit plaintiff's likely success upon the merits. Plaintiff's further argument that defendant's renovations should not be permitted since defendant has no right to connect the new residential units to the building's utility systems is also unavailing since article 10 of the condominium Declaration provides that each unit owner shall have an easement to, *inter alia*, all utility lines and utility distribution. Plaintiff's contention, that the easement afforded by article 10 was not intended to be utilized to facilitate development of numerous new residential units since the building's utility systems are not adequate to support such development, is seriously undermined by plaintiff's initial consent to the residential conversion and by the absence in the subject article of any limitation upon otherwise lawful unit subdivision. Nor, in view of article 11's permission to make renovations "interior or exterior" without plaintiff's consent, does there appear to be merit to plaintiff's contention that defendant is without authority to make alterations to the exterior of its unit.

Finally, with respect to the weighing of the equities, while plaintiff has demonstrated that permitting defendant to proceed with its residential conversion would cause it some injury, defendant's claim of harm in the event that its renovation were enjoined, i.e., that the consequent increase in its debt coupled with its inability to timely finish and sell the new units would cause it to go out of business altogether, is at least equally compelling and, as such, prevents the conclusion necessary to the grant of injunctive relief that the equities run in the movant's favor. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.